IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-993

Filed 15 April 2026

Jackson County, No. 24CR221163-490

STATE OF NORTH CAROLINA

v.

JOSHUA WARREN MCDOWELL

Appeal by Defendant from judgment entered 13 March 2025 by Judge Sherri W. Elliott in Jackson County Superior Court. Heard in the Court of Appeals 24 March 2026.

*Attorney General Jeff Jackson, by Assistant Attorney General Phillip H. Liles, for the State-Appellee.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Brandon Mayes, for Defendant-Appellant.*

COLLINS, Judge.

Defendant Joshua McDowell appeals from judgment entered upon guilty verdicts of possession of methamphetamine, possession of drug paraphernalia, and carrying a concealed weapon. Defendant argues that he received ineffective assistance of counsel because his trial counsel did not move to suppress the evidence underlying his charges. For the reasons stated herein, we dismiss Defendant's ineffective assistance of counsel claim without prejudice to his right to file a motion for appropriate relief in the trial court.

## I.  Background

The evidence at trial tended to show the following: On 29 January 2024, Jackson County Sheriff's Deputy Terran Brown and Sergeant Jesse Henkel were on patrol during the night shift. Brown was driving the patrol car, and Henkel was in the passenger seat supervising the shift. Brown and Henkel were driving on Old Cullowhee Road when they saw a white Ford Ranger with a Mississippi license plate. Henkel recognized the truck because he had seen it parked in the driveway of a house where he had attempted to serve outstanding warrants several months prior. As Brown followed the truck, he saw that the license plate was not properly illuminated and could not be read from approximately fifty feet away. Based on the tag-light violation and Henkel's belief that the truck had been operating in North Carolina for more than sixty days without transferring its registration, Brown initiated a traffic stop.

Brown approached the driver's side of the truck while Henkel approached the passenger's side where Defendant was seated. Henkel saw that Defendant was wearing a heavy coat and had a backpack between his legs. Henkel also saw that Defendant was not wearing a seatbelt and asked him to roll down the window and produce identification so that he could issue a seatbelt citation. Defendant lowered the window only two or three inches and refused to provide identification. Henkel instructed Defendant to step out of the truck, and Defendant refused. Henkel and Brown then physically removed Defendant from the truck.

Henkel frisked Defendant for weapons and located a stun gun in a black cloth bag on Defendant's waistband. Henkel then conducted a more thorough search of Defendant and discovered a plastic bag containing a white crystalline substance and a glass pipe with a burnt end. The white crystalline substance was tested and determined to be 1.59 grams of methamphetamine.

Defendant was indicted for possession of methamphetamine, possession of drug paraphernalia, carrying a concealed weapon, and two counts of resisting a public officer. The matter came on for trial on 11 March 2025. The jury returned guilty verdicts for possession of methamphetamine, possession of drug paraphernalia, and carrying a concealed weapon, and not guilty for the two counts of resisting a public officer. The trial court consolidated the convictions and sentenced Defendant to 9 to 20 months' imprisonment. Defendant appealed.

## II. Discussion

Defendant's sole argument is that he received ineffective assistance of counsel because "his trial counsel did not move to suppress the evidence supporting the possession charges."

When an ineffective assistance of counsel claim is brought on direct appeal, it "will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." *State v. Fair*, 354 N.C. 131, 166 (2001) (citations omitted). When an ineffective

assistance of counsel claim has been brought prematurely, we dismiss the claim without prejudice to allow the defendant to file a motion for appropriate relief in the trial court. *State v. Thompson*, 359 N.C. 77, 123 (2004).

Our Court has noted that it "will rarely be appropriate" to directly review an ineffective assistance of counsel claim based on trial counsel's failure to file a motion to suppress because "we would have to hold, at least implicitly, that there was no legitimate possibility that additional relevant evidence would have been elicited had a suppression hearing been conducted in this case." *State v. Rivera*, 264 N.C. App. 525, 536 (2019). Because we "cannot know what evidence might have been produced in a hearing that never occurred[,]" *id.*, direct review in these types of cases "is not appropriate unless it is clear that [a motion for appropriate relief] proceeding would not result in additional evidence that could influence our decision on appellate review." *Id.* at 541.

After careful review, we hold that the cold record is insufficient for direct review of Defendant's ineffective assistance of counsel claim, and we therefore dismiss it without prejudice to his right to file a motion for appropriate relief in the trial court.

## III. Conclusion

For the foregoing reasons, we dismiss Defendant's ineffective assistance of counsel claim without prejudice to his right to file a motion for appropriate relief in the trial court.

DISMISSED.

Judges TYSON and FREEMAN concur.